UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA S.,[1]<br><br>                  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No.: 22cv0364-SBC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING TO THE COMMISSIONER**<br><br>**[ECF NO. 15]** |

Maria S. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner") regarding the denial of Plaintiff's application for disability benefits and supplemental security income. (ECF No. 1.) The Administrative Law Judge ("ALJ") found that Plaintiff was not disabled and denied Plaintiff's claim for benefits from January 18, 2018, through the date of the decision, March 1, 2021. (AR at

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

26-27.) Now pending before the Court is Plaintiff's Motion for Summary Judgment, filed on December 19, 2022, and Defendant's motion in opposition. (ECF No. 15-16.)

After considering the parties' submissions, the administrative record, and the applicable law, for the reasons stated below, the Court **REVERSES** the Commissioner's decision, and **REMANDS** the matter to the Commissioner for further administrative action consistent with the findings presented herein.

## I. PROCEDURAL BACKGROUND

On November 13, 2019, Plaintiff filed a Title II application for Social Security Disability Insurance, in which she alleged a disability beginning on January 18, 2018. (ECF No. 13 at 16 [Administrative Record "AR"].) The Commissioner denied Plaintiff's claim initially on April 2, 2020, and on reconsideration on July 13, 2020. (*Id*.) On August 7, 2020, Plaintiff filed a written request for a *de novo* hearing. (*Id*.) ALJ Kevin Messer presided over the hearing on January 22, 2021. (*Id*.) Plaintiff appeared at the hearing via telephone, represented by her counsel, William Carr. (*Id*.) Plaintiff and Vocational Expert, Stephen P. Davis, testified at the hearing. (*Id*.)

On March 1, 2021, the ALJ issued an unfavorable decision denying Plaintiff's request for disability benefits. (AR at 13-15.) On January 19, 2022, the Appeals Council denied Plaintiff's request for review. (*Id*. at 1-5.) On that date, the ALJ's decision became the final decision of the Commissioner. (42 U.S.C. § 405(h).) Having exhausted all administrative remedies, Plaintiff brought this timely civil action, seeking judicial review pursuant to 42 U.S.C. § 405(g). (*See* ECF No. 1.)

## II. SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2018, the alleged onset date. (AR at 18.) At step two, the ALJ found that Plaintiff had the following severe impairments: (1) obesity; (2) left carpal tunnel syndrome status post release surgery; (3) major depressive disorder; (4) posttraumatic stress disorder ("PTSD"); (5) anxiety; and (6) borderline

intellectual functioning ("BIF"). (*Id*.) Plaintiff also had non-severe impairments of diabetes mellitus II, aortic valve stenosis, and hyperlipidemia. (*Id*. at 19.) The ALJ found the impairments as non-severe because they "have not resulted in any significant limitation in [Plaintiff's] ability to do basic work activities." (*Id*.) The ALJ proceeded to consider Plaintiff's impairments at step three of the sequential process.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the relevant section of the Commissioner's Listing of Impairments[2]. (AR at 19.) When a claimant's impairments, or combination of impairments, do not meet the criteria of a listed impairment, as was the case here, the ALJ next determines the claimant's residual functional capacity ("RFC"), i.e., the ability to do physical and mental work activities despite the claimant's impairments. (*Id*. at 18.) Step four then considers whether the claimant is not disabled because she has the RFC to do past relevant work, and step five looks at the claimant's ability to do any other work considering her RFC, age, education, and work experience. (*Id*.)

The ALJ determined at step four that Plaintiff is unable to perform any past relevant work. (AR at 25.) The ALJ concluded, however, that considering Plaintiff's age, education, work experience and RFC, ". . . there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id*.) The ALJ accepted the testimony of the vocational expert, who said Plaintiff can perform the requirements of Floor Waxer (D.O.T. 381.687-034), Linen Clerk (D.O.T. 222.387-030), and Custodian (D.O.T. 381.687-018). (*Id*. at 26.)

---

[2] If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and meets the duration requirement (20 CFR §§ 404), the claimant is deemed disabled. If it does not, the analysis proceeds to the next step.

In reaching his decision, the ALJ assessed Plaintiff as retaining the RFC to perform a range of medium work as defined in as defined in 20 C.F.R. §§ 404.1567(c), and stated the following:

> [Plaintiff] has the residual functional capacity to perform medium work as defined in CFR 404.1567(c) except she is able to frequently handle and finger with the left upper extremity. She is able to understand, remember, and carry out simple, routine tasks. She is able to perform jobs requiring only simple work-related decisions and keep pace sufficient to complete tasks and meet quotas typically found in unskilled work.

(AR at 21.)

The ALJ stated that the RFC assessment was based on ". . . all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (*Id*. at 21.) The ALJ also considered the medical opinions and prior administrative medical findings in accordance with 20 CFR 404.1520c. (*Id*.) The ALJ, therefore, concluded that Plaintiff was not disabled, as defined in the Social Security Act, from the alleged onset date of January 18, 2018, through the date of the decision, March 1, 2021. (*Id*. at 26-27.)

### III.   STANDARD OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful applicants to seek judicial review of the Commissioner's final decision. 42 U.S.C. § 405(g). The scope of judicial review is limited, and the denial of benefits will not be disturbed if it is supported by substantial evidence in the record and contains no legal error. (*Id*.); *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (Under 20 C.F.R. § 404.1520(c), "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.")

"Substantial evidence means more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017)

(quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).

An ALJ's decision is reversed only if it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." (*Id.*) "To determine whether substantial evidence supports the ALJ's determination, [the Court] must assess the entire record, weighing the evidence both supporting and detracting from the agency's conclusion." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (citing *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)). The Court "may not reweigh the evidence or substitute [its] judgment for that of the ALJ." (*Id.*) "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## IV.  ISSUES IN DISPUTE

Here, Plaintiff raises the following issues: (1) whether the ALJ failed to properly evaluate Plaintiff's subjective statements; and (2) whether the ALJ failed to properly evaluate the lay witness testimony. (ECF No. 15.) The Court discusses each issue below.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

## V. DISCUSSION

### A. Whether the ALJ Failed to Properly Evaluate Plaintiff's Subjective Statements

An ALJ assesses a claimant's subjective statements regarding his or her symptoms and limitations in two parts. §§ 404.1529(a), 416.929(a). First, an ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment that "could reasonably be expected to produce the pain or other symptoms alleged." (*Id.*) Second, if the first test is met and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Ragudo v. Saul*, 411 F. Supp. 3d 1125, 1133-34 (S.D. Cal. 2019) (citing *Smolen*, 80 F.3d at 1281). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ "determine[s] credibility, resolve[s] conflicts in the testimony, and resolve[s] ambiguities in the record." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)); *Burrell v. Colvin*, 775 F. 3d 1133, 1139 (9th Cir. 2014) (finding error where the ALJ "never connected the medical record" to the claimant's testimony and did not make "a specific finding linking a lack of medical records to [the claimant's testimony about the intensity of her . . . symptoms").

In assessing a claimant's statements about his or her symptoms, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v.*

*Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (listing factors) (citation omitted).

While "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain . . . it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) ("[A]n ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."); *Light v. Social Security Administration*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"); Social Security Ruling (SSR) 16-3p (S.S.A. Oct. 25, 2017) (SSA adjudicators should "not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").[3]

### i.   Plaintiff's Subjective Statements

At the January 22, 2021, administrative hearing, the ALJ asked Plaintiff about her physical and mental impairments. (AR at 164-187.) Regarding Plaintiff's physical impairments, Plaintiff testified to having diabetes, and knee pain and stiffness, particularly in her right knee. (*Id*. at 172.) Plaintiff is unable to squat, and she has a hard time leaning down and getting up. (*Id*. at 179.) Plaintiff also has a hard time being on her feet for two hours or more. (*Id*. at 179-180.) Plaintiff can lift and carry things up to 20 pounds. (*Id*. at 180.) In addition, Plaintiff testified to being unable to fully extend her left-hand pointer finger, which causes her to drop things. (*Id*. at 173-174.)

---

[3] Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy" to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." *See* SSR 16-3p, 2017 WL 5180304, at 1-2, 10-11.

Plaintiff further testified to experiencing mental impairments. (AR at 174.) Plaintiff stated that she gets depressed easily, lacks motivation, showers infrequently, and cries sporadically. (*Id*.) Plaintiff stated that her symptoms began after her daughter passed away in 2014. (*Id*.) Depending on her level of depression, Plaintiff sees her doctor, Dr. Schere, sometimes once a week or once every two weeks. (*Id*. at 175.) Plaintiff stated that she takes Zoloft for depression and that her prescription was recently increased, but she has not noticed a difference, and she feels like she should take more medication. (*Id*.) She does not experience any side effects from the medicine. (*Id*. at 176.) Plaintiff further stated that she does not get along with other people, and she does not like to go out in public because of crowds. (*Id*.)

In terms of caring for herself, Plaintiff stated that she can dress herself, use the bathroom, prepare meals two to three times a week, drive, and go to the grocery store. (*Id*. at 176-177.) Plaintiff also cares for her 10-year-old nephew. (*Id*. at 177-178.) She does her "best" with chores around the house. (*Id*. at 178.) Plaintiff's hobbies include baking cookies and taking care of her plants. (*Id*. at 178.)

### ii. The ALJ's Analysis of Plaintiff's Subjective Statements

The ALJ's decision noted the following of Plaintiff's subjective statements:

> [Plaintiff] alleges worsening anxiety and depression. She alleges sleeping more, being less engaged with people, being nervous and anxious among crowds, avoid crowds, and being less engaging with people. She alleges poor appetite. She alleges that she needs reminders to take her medication and attend doctors' appointments. She alleges feeling sad, angry and upset. She alleges lack of concentration, poor ability to stay focused and lack of motivation. She alleges difficulty getting along with others, difficulty with talking, hearing, memory, concentration, understanding and getting along with others.

(AR at 22.) After describing Plaintiff's alleged impairments, the ALJ concluded the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(*Id*.) The ALJ's finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," meets the threshold with respect to part one. (*See id*.) Next, because there was no finding that Plaintiff was malingering, the ALJ was required to make specific findings stating clear and convincing reasons for rejecting Plaintiff's subjective statements. *See Smolen*, 80 F.3d at 1283-84.

Here, the Court finds that the ALJ failed to meet the "clear and convincing" standard. In finding that Plaintiff's subjective statements were inconsistent with the medical record, the ALJ did not specifically identify which statements he found not credible, or which statements he was rejecting. Instead, the ALJ merely concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence." (AR at 22.) The Ninth Circuit has held that this boilerplate language does not rise to the level of "specific, clear, and convincing" reasons for discounting a claimant's subjective testimony. *See, e.g., Treichler v. Comm. Of Soc. Sec.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (holding that a boilerplate introductory sentence falls short of "meeting the ALJ's responsibility" to discuss the evidence and reasoning for an adverse determination).

The ALJ failed to identify Plaintiff's statements that were "not entirely consistent" with the medical evidence. Instead, the ALJ provided a general summary of Plaintiff's medical history regarding her left carpal tunnel syndrome, obesity, major depressive disorder, PTSD, and anxiety. (*See* AR at 22-25). "[S]imply reciting the medical evidence in support of [a] residual functional capacity determination" does not meet the "clear and convincing" standard for rejecting a claimant's testimony. *Brown-Hunter*, 806 F.3d at 489; *see also Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (holding that even though

the ALJ provided "a relatively detailed overview of claimant's medical history, providing a summary of medical evidence ... is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible").

Furthermore, the Court cannot "discern the agency's path" because the ALJ only made a general credibility finding and did not provide any reviewable reasons why he found Plaintiff's statements to not be credible. *Brown-Hunter*, 806 F.3d at 487, 494. "Because the ALJ did not provide enough reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence," the Court finds the error is not harmless. *See Lambert*, 980 F.3d at 1266, 1278.

### B. Whether the ALJ Failed to Properly Consider the Lay Witness Testimony

Next, Plaintiff argues that the ALJ failed to properly consider the lay witness testimony of Plaintiff's mother, Gilda Page, because he did not provide reasons to reject the testimony. (ECF No. 15 at 17-23.) Defendant argues that although the ALJ did not expressly reject Ms. Page's testimony, the ALJ clearly considered Ms. Page's testimony because he cited to Ms. Page's third-party functional report when stating "[t]he undersigned did not provide articulation about the evidence that is inherently neither valuable nor persuasive in accordance with 20 CFR 404.1520b(c) (Exhibit 4E)[4]." (ECF No. 16 at 15-17; AR at 25.)

The regulation cited by the ALJ, Section 404.1520b(c), however, does not preclude analysis of lay witness testimony because it is "inherently neither valuable nor persuasive." (*See* 20 C.F.R. § 404.1520b(c).) Section 404.1520b(c) precludes analysis of statements from: (1) other governmental agencies or nongovernmental entities; (2) prior findings by state agency disability examiners; and (3) statements expressing conclusions reserved to the Commissioner, such as whether a claimant has a severe impairment as defined in the Act, whether the impairment meets or medically equals a Listing, or whether the RFC

---

[4] Exhibit 4E refers to the third-party function report that Ms. Page completed for Plaintiff.

prevents the claimant from doing past relevant work. (*See id*.) Here, the exceptions do not apply to Ms. Page's testimony, and therefore the regulation did not preclude the ALJ from analyzing the testimony.

Setting aside the regulation, "[i]n determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness evidence cannot establish the existence of medically determinable impairments, but lay witness evidence is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Id*.; *see also* 20 C.F.R. § 416.913. "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." *K.F. v. Kijakazi*, No. 20-cv-08629-LB, 2022 WL 207661, at *8 (N.D. Cal. Jan. 24, 2022) (quoting Sprague, 812 F.2d at 1232). To disregard lay witness testimony, an ALJ must provide specific reasons that are "germane to that witness." *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (internal citations omitted); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1211 (9th Cir. 2005) (holding that "inconsistency with medical evidence is one [germane] reason" to reject lay witness testimony).

Here, the ALJ did not provide any specific reasons germane to Ms. Page's testimony to reject it. Instead, the ALJ improperly relied on 20 CFR 404.1520b(c). The ALJ's failure to provide any analysis regarding Ms. Page's testimony prevents the Court from conducting a meaningful judicial review. *See Lambert*, 980 F.3d at 1266, 1278. Therefore, the Court cannot conclude that the error is harmless.

## VI.  CONCLUSION

The last question for the Court is whether to remand for further administrative proceedings or for the payment of benefits. "The decision of whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo*, 871 F.3d at 682 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). A

1  remand for an immediate award of benefits is appropriate only in rare circumstances.
2  *Leon v. Berryhill*, 874 F.3d 1130 (9th Cir. 2017). The Court concludes that "[t]he rare
3  circumstances that result in a direct award of benefits are not present in this case." (*Id*.)
4       Instead, the Court finds that further administrative proceedings would serve a
5  meaningful purpose so that Plaintiff's subjective statements and the lay witness testimony
6  may be properly evaluated. On remand, the ALJ must provide clear and convincing
7  reasons for the weight given to Plaintiff's statements and the lay witness testimony as
8  outlined above. Based on the foregoing reasons, the Court **VACATES** the ALJ's decision
9  and **REMANDS** this case for further administrative proceedings consistent with the
10  findings presented herein.

     **IT IS SO ORDERED.**

Dated:  March 8, 2024

Hon. Steve B. Chu
United States Magistrate Judge